**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

JAMES EVANS                                    *

       **Plaintiff,**                         *

      **v.**                                      **Civil Action No.**_____

WENHUI XU D/B/A                               *
EBIGDEALS

And

AMAZON.COM, INC,                              *

And

AMAZON.COM SALES, INC.,
AMAZON.COM SERVICES, LLC,
AMAZON DATA SERVICES, INC.,        *
AMAZON LOGISTICS, INC.,
AMAZON RETAIL, LLC,
AMAZON PAYMENTS, INC.,
AMAZON ADVERTISING, LLC.

      **Defendants.**                         *

## **COMPLAINT**

**COMES NOW** the Plaintiff, James Evans, and hereby sues the Defendants, Wenhui Xu d/b/a EBigDeals  and Amazon.com, Inc., Amazon.com Sales, Inc., Amazon.com Services, Inc., Amazon Data Services, Inc., Amazon Logistics, Inc., Amazon Retail, LLC, Amazon Payments, Inc., Amazon Advertising, LLC, for the severe and permanent disfigurement, scars and nerve damage and other traumatic physical and emotional injuries and damage caused by inherently defective and unreasonably dangerous products sold and delivered to the Plaintiff by the Defendant, and for their causes of action hereby state as follows:

## **PARTIES**

1.      The Plaintiff, James Evans (hereinafter referred to as "Mr. Evans"), is a resident of the Parish of Tangipahoa, State of Louisiana.

2.      The Defendant, Wenhui Xu d/b/a EBigDeals (hereinafter referred to as "EBigDeals"), is a Chinese Company with its primary place of business at Kanzai Village, Linmen Town, Maoming City, Dianbai District, Guangdong Province, 525200, in the People's Republic of China., but which at all times relevant hereto, conducted and continues to conduct business in the United States, and specifically in this jurisdiction, by way of developing, designing, testing, manufacturing, marketing, advertising, selling, distributing, and delivering into the stream of commerce defective consumer products to Louisiana residents, including the defective, inherently dangerous and latently destructive products to the Plaintiff as alleged in this Complaint, through their negligent and other tortious and wrongful acts, for which Defendant is liable.

3.      The Defendant, Amazon.com, Inc., is a Delaware corporation that transacts consumer business with the public, including the Plaintiff in Louisiana, primarily but not exclusively through their international internet marketplace, Amazon.com, and through several related and affiliated corporate entities doing business in Maryland, which entities are also incorporated in Delaware and materially involved in the claims brought herein, including Defendants Amazon.com Sales, Inc., Amazon.com Services, LLC, Amazon Data Services, Inc., Amazon Logistics, Inc., Amazon Retail, LLC, Amazon Payments, Inc., and Amazon Advertising, LLC (hereinafter, collectively, "Amazon" and/or the "Amazon Defendants"). At all relevant times, Amazon developed, designed, tested, manufactured, marketed, advertised, sold, distributed, packaged and/or delivered into the stream of commerce products to Louisiana

residents and Louisiana consumers, including the defective, inherently dangerous and latently destructive products to the Plaintiff as alleged in this Complaint, through their negligent and other tortious and wrongful acts.

## JURISDICTION AND VENUE

4.     The incident complained of herein occurred on or about May 5, 2024, at the home of Plaintiff located at 24296 Harvey Lavigne Road, in the City of Ponchatoula, Parish of Tangipahoa, State of Louisiana.

5.     This Court has jurisdiction over this lawsuit as Defendants regularly conduct business throughout Louisiana and specifically in this jurisdiction, including but not limited to, by and through the Amazon.com business platform, website, shipping, delivery and distribution system, payment system and operational model, by developing, designing, testing, manufacturing, marketing, advertising, selling, receiving payment for, shipping to, distributing, and delivering into the stream of commerce defective consumer products to Louisiana residents, including the defective, inherently dangerous and latently destructive products to the Plaintiff as alleged in this Complaint.

6.     Further, this Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, as there is complete diversity of citizenship between Plaintiff and Defendants.

7.     Venue is appropriate in this Honorable as the cause of action arose in Tangipahoa Parish which sits in the Eastern District of Louisiana and the Defendants regularly conduct business in this venue.

8.     The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

## FACTS COMMON TO ALL COUNTS

9.      At all times relevant to this Complaint, Defendant EBigDeals, in concert with Amazon in agency or otherwise, designed, manufactured, distributed, and sold a product advertised on Amazon.com as "CZS 9" Brushcutter Chainsaw Tooth Blade, 20T Chainsaw Tooth Brush Cutter Blade, 2 Pack (Adapter Included)" (hereinafter the "CZS Blade").

10.     The CZS Blade is a 9" chainsaw tooth carbide tipped grass/brush blade described by EBigDeals on Amazon.com as being "ideal for all brush cutting applications" which comes with a kit adapter.  It is described as "very easy to use on a trimmer with a 1" arbor".

11.     It is further described by EBigDeals on Amazon.com as being "easy to use and install".  Stating the consumer just needs to "connect the cutter head to the shaft puncher of the lawn mower, it can help you meet your mowing needs and save your time during busy seasons."

12.     On or about July 13, 2023, Mr. Evans purchased the CZS Blade through the Amazon.com platform and had it shipped to his home in Tangipahoa Parish.  The item shipped on July 16, 2023, and Mr. Evans received it shortly thereafter.

13.     The item was delivered by an Amazon vehicle and was in a box with Amazon's signature logo.

14.     Mr. Evans were completely unaware at the time of his purchase that the CZX Blade was actually manufactured by a company based in China. As he had purchased the product from Amazon, he believed and reasonably relied upon several assurances from Amazon, published widely on its own site and various other sites, that products sold through its marketplace met basic safety requirements, including those necessary to market and sell products in the United States. Plaintiff's belief had a reasonable basis in part on Amazon's failure to conspicuously disclose all

necessary warnings of the known and latent dangers associated with the use of products like the CZS Blade and similar products, recalls regarding the product, and the location of Amazon's agent and partner, EBigDeals, as the designer, manufacturer, guarantor and warrantor of the product.

15.    Upon opening the box, Mr. Evans found the CZS Blade in its own blister packaging accompanied by additional hardware in a separate box.  The additional hardware provided included a nut and several washers, none of which fit Mr. Evans' string trimmer.

16.    Also, in the same Amazon box was another unrelated item Mr. Evans ordered through Amazon. The packaging did not include any instructions advising Mr. Evans which product the additional hardware was intended to be used with.

17.    Despite ordering the CZS Blade in July 2023, Mr. Evans didn't actually open the blister packaging and use the CZS Blade until nearly a year later, on May 5, 2024.

18.    On or about May 5, 2024 Mr. Evans removed the CZS Blade from the blister packaging in order to attach it to his Craftman's 2-cycle weed eater with Ryobi extension.

19.    Included in the blister packaging with the CZS Blade were pictorial instructions only.  There were no written instructions.

20.    Mr. Evans followed the pictorial instructions.

21.    The nut (holding the blades and lock washer) provided with the CZS Blade by EBigDeals was too large for the bolt that was on the Ryobi attachment, so Mr. Evans was forced to place the hexagonal lock washer on, and it held the CZS Blade on with the nut that came with the extension.

22.    Mr. Evans used the CZS Blade attached to his weed eater for 30 minutes after installation.

23.    Then, suddenly, and without warning, the CZS Blade spun off and ricocheted into the back of his calf resulting in a serious laceration.

24.    Mr. Evans received medical treatment related to the laceration for several months following the incident and now has permanent nerve damage.

## CLAIMS FOR RELIEF

## COUNT I: The Louisiana Products Liability Act -Defendants EBigDeals and Amazon

25.    Plaintiff hereby incorporates by reference the foregoing paragraphs of the Complaint as if fully set forth herein

26.    Defendant EBigDeals and/or the Amazon Defendants are liable as the manufacturer, distributor and/or seller of the CZS Blade in violation of the Louisiana Products Liability Act, La. R.S. 0:2800.51, et seq. ("the LPLA").

27.    The CZS Blade manufactured by EBigDeals and/or the Amazon Defendants was unreasonably defective in design as provided by La. R.S. 9:2800.56, in that when it left the control of Defendant and/or their representatives, the foreseeable risks of serious harm posed by the product far outweighed its alleged benefits. In fact, the foreseeable risks were so great that Plaintiff, had he known of such risks, would not have purchased and/or used the product.

28.    EBigDeals and/or the Amazon Defendants developed, designed, manufactured, advertised, promoted, distributed, shipped, sold, and placed into the stream of commerce the CZS Blade, expecting that it would reach consumers in the condition in which it was designed and sold, and knowing, or having reason to know, that the Plaintiff would use the product with the understanding that it could be used without danger if the directions and warnings supplied by Defendant were followed.

6

**29.**     At the time of the incident in which he was injured, Mr. Evans was using the subject product as it was intended and directed by Defendant to be used.

**30.**     The CZS Blade manufactured by EBigDeals and/or the Amazon Defendants was unreasonably dangerous due to an inadequate warning as provided in La. R.S. 9:2800.57 in that reasonable care was not utilized to ensure that consumers were adequately warned of the true characteristics of the product which were likely to cause damage.

**31.**     Defendants are liable to Plaintiff because they failed to provide adequate warnings regarding the use of the subject CZS Blade, causing it to be unreasonably dangerous and inherently defective to the Plaintiff, the intended user, at the time it left Defendant's possession and Defendant placed it into the stream of commerce.

**32.**     Defendants, as a designer, manufacturer, seller, and distributor of the product, is held to the level of knowledge of an expert in the field, and knew or should have known that CZS Blade was dangerous, defective, and unsafe for its intended use.

**33.**     Despite Defendants' knowledge of the dangers associated with the use of the CZS Blade, Defendant designed, manufactured, promoted, advertised, shipped, delivered, and distributed, and/or sold the product without adequate information, instructions and data or warnings of the danger of the CZS Blade to the Plaintiff.

**34.**     The CZS Blade manufactured by EBigDeals and/or the Amazon Defendants was unreasonably dangerous because it did not conform to an express warranty of the manufacturer about the product as provided in La. R.S. 9:2800.58.

WHEREFORE, the Plaintiff, James Evans, prays for judgment in their favor against Defendants, jointly and severally, for all measure of compensatory damages, including past,

present and future economic and non-economic damages, in excess of Seventy-Five Thousand Dollars ($75,000.00), plus pre-judgment and post-judgment interest, and attorneys' fees and costs.

**COUNT II: Breach of Express and Implied Warranties-Defendants EBigDeals and Amazon**

35.     Plaintiff hereby incorporates by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

36.     Defendant EBigDeals and the Amazon Defendants in connection with their business activities described herein, and in their design, manufacture, distribution, shipping, delivering, advertising, marketing, and sale of the CZS Blade, made both express and implied warranties with regard to it, warranting, inter alia, that the product was safe, fit for its intended use and for Plaintiff's particular purpose, of merchantable quality, and not defective or unsafe.

37.     Defendant EBigDeals and the Amazon Defendants were aware that Plaintiff was reasonably relying on them to provide a safe product for consumer purposes, thereby impliedly warranting that the goods it designed, manufactured, distributed, shipped, delivered, marketed, sold, advertised, and/or otherwise brought into the stream of commerce, including the CZS Blade, would in fact be safe and suitable for Plaintiff's use and purpose.

38.     In reliance upon Defendants' skill and judgment and the implied warranties of merchantability and fitness for that purpose, as advertised, marketed and enticed by the Defendants, Plaintiff purchased, received and used the CZS Blade in its intended manner.

39.     These warranties, however, were false, misleading, and inaccurate in that the CZS Blade was defective, unreasonably dangerous, unsafe, unfit for its intended use and unfit for its consumer purpose as marketed and advertised, including Plaintiff's purpose, and not of merchantable quality or fit use, and otherwise generally defective.

40.     As a direct and proximate result of the Defendants' tortious and wrongful actions and inactions as described herein, Mr. Evans suffered a severe laceration with permanent nerve damage, and severe emotional, physical, and psychological injury, permanent scarring and disfigurement, financial loss including, inter alia, past, present and future medical expenses, loss of income and future income, other economic damages, and past and future non-economic and other compensatory damages

41.     As a direct and proximate result of Defendants' negligent, wrongful, reckless and careless conduct, including but not limited to Defendants' failure to warn of the inherent defects and dangers of the subject product, Plaintiff sustained severe, serious and ongoing bodily injuries, incurred and continue to incur substantial costs and expenses for medical care, assistance and treatment, lost time and money from her employment, loss of future earnings, and experienced and continues to experience functional impairments, as well as having been caused to suffer severe pain and suffering, permanent injuries, permanent scarring and disfigurement, economic damages, past, present and future medical costs and lost wages, loss of future earnings, other permanent injuries, emotional distress, mental anguish, stress, anxiety, insomnia, nausea, reduced quality of life, and other compensatory damages.

WHEREFORE, the Plaintiff, James Evans, prays for judgment in their favor against Defendants, jointly and severally, for all measure of compensatory damages, including past, present and future economic and non-economic damages, in excess of Seventy-Five Thousand Dollars ($75,000.00), plus pre-judgment and post-judgment interest, and attorneys' fees and costs.

## COUNT III: Negligence-Defendants EBigDeals and Amazon

42.     Plaintiff hereby incorporates by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

43.    At all relevant times, the Defendant EBigDeals and the Amazon Defendants owed a duty to exercise a reasonable care to consumers, including Plaintiff, in the design, manufacture, distribution, delivery, marketing, advertising and sale of products to consumers like Plaintiff.

44.    Defendant EBigDeals and the Amazon Defendants, assumed, obtained, and mandated control of, and had responsibility for, the duty to design, manufacture, market, advertise, distribute, deliver, accept payment for, and sell products that would not be unreasonably dangerous to consumers, such as the CZS Blade that caused Plaintiff's injuries.

45.    The Defendant EBigDeals and the Amazon Defendants negligently breached the above duties, including, inter alia,

    a.    Advertising, providing, storing, shipping, and selling the CZS Blade, which it knew or should have known was defective and unsafe for its intended use by consumers, such as Plaintiff, and by placing it into the stream of commerce;

    b.    Failing to conduct a proper hazard analysis to address and correct the unreasonably dangerous design of the CZS Blade before placing it into the stream of commerce, where it could cause harm consumers like Plaintiff;

    c.    Violating other applicable standards of care in failing, inter alia, to recall the product and/or provide the product to the Plaintiff with an accurate statement of features, elements, precautions, instructions and warnings that would have apprised the Plaintiff of the risks of using such a product.

46.    The Defendant EBigDeals and the Amazon Defendants negligently developed, obtained, procured, acquired, designed, manufactured, distributed, marketed, sold, tested, advertised, stored, delivered and shipped the subject CZS Blade, despite its defective and unreasonably dangerous condition, which was known or should have been known to the

10

Defendants, as detailed in this Complaint, and failed to exercise reasonable care in complying with the most basic federal, state, common law, and industry standards and guidelines, knowingly and/or negligently subjecting the Plaintiff to, and thereby causing, severe and permanent harm.

47.    Defendants knew or should have known that consumers, including Plaintiff, would suffer injury because of Defendants' failure to exercise reasonable care.

48.    As a direct and proximate result of the Defendants' negligent and wrongful actions and inactions as described herein, Plaintiff James Evans suffered a severe laceration with permanent nerve damage, and severe emotional, physical, and psychological injury, permanent scarring and disfigurement, financial loss including, inter alia, past, present and future medical expenses, loss of income and future income, other economic damages, and past and future non-economic and other compensatory damages.

49.    As a direct and proximate result of Defendants' negligent, wrongful, reckless and careless conduct, including but not limited to Defendant's failure to warn of the inherent defects and dangers of the subject product, Plaintiff sustained severe, serious and ongoing bodily injuries, incurred and continue to incur substantial costs and expenses for medical care, assistance and treatment, lost time and money from her employment, loss of future earnings, and experienced and continues to experience functional impairments, as well as having been caused to suffer severe pain and suffering, permanent injuries, permanent scarring and disfigurement, economic damages, past, present and future medical costs and lost wages, loss of future earnings, other permanent injuries, emotional distress, mental anguish, stress, anxiety, insomnia, nausea, reduced quality of life, and other compensatory damages.

WHEREFORE, the Plaintiff, James Evans, prays for judgment in their favor against Defendants, jointly and severally, for all measure of compensatory damages, including past,

11

present and future economic and non-economic damages, in excess of Seventy-Five Thousand Dollars ($75,000.00), plus pre-judgment and post-judgment interest, and attorneys' fees and costs.

**COUNT IV: Apparent Manufacturer-Amazon Defendants**

50.    Plaintiff hereby incorporates by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

51.    Plaintiff reasonably concluded at the time of his purchase of the CZS Blade on Amazon.com, and based on Amazon's marketing, advertising, sale, distribution, and delivery of the CZS Blade at issue, that Amazon was the designer or manufacturer of the CZS Blade and/or that that Amazon had, before it placed the product into the stream of commerce, subjected it to the its rigorous quality control standards it publishes to consumers, including safety testing to ensure compliance with all applicable legal and industry standards.

52.    As averred herein, Amazon did distribute, sell, advertise, and deliver the CZS Blade to the Plaintiff, acting as the manufacturer of the CZS Blade in all relevant respects, including deriving a profit from the sale of the CZS Blade. Pursuant to the Restatement (Third) of Torts § 14, even if Amazon were not the CZS Blade's manufacturer or designer, it would be subject to the same liability as the product's manufacturer or designer because Amazon is the CZS Blade's apparent manufacturer.

53.    Amazon, as apparent manufacturer and for the reasons already stated, is strictly liable to the Plaintiff for its tortious and wrongful acts and omissions, and its breach of applicable standards of care, which were the direct and substantial cause of Plaintiff's injuries and damages.

54.    As a direct and proximate result of Amazon's tortious and wrongful acts and omissions, Plaintiff James Evans suffered severe and permanent disfigurement, scars and nerve damage and other traumatic physical and emotional injuries and damage, financial loss including, *inter alia,* past, present and future medical expenses, loss of income and future income, other economic damages, and past and future non-economic and other compensatory damages.

55.    As a direct and proximate result of Amazon's tortious and wrongful acts and omissions, Plaintiff sustained severe, serious and ongoing bodily injuries, incurred and continue to incur substantial costs and expenses for medical care, assistance and treatment, and experienced and continues to experience functional impairments, as well as having been caused to suffer severe pain and suffering, permanent injuries, permanent scarring and disfigurement, economic damages, past, present and future medical costs and lost wages, loss of future earnings, other permanent injuries, emotional distress, mental anguish, stress, anxiety, insomnia, nausea, reduced quality of life, and other compensatory damages.

WHEREFORE, the Plaintiff, James Evans, prays for judgment in their favor against Defendants, jointly and severally, for all measure of compensatory damages, including past, present and future economic and non-economic damages, in excess of Seventy-Five Thousand Dollars ($75,000.00), plus pre-judgment and post-judgment interest, and attorneys' fees and costs.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

**MCGLYNN, GLISSON & MOUTON**

s/ Amanda L. Washington
AMANDA L. WASHINGTON, #34811
CHRISTOPHER D. GLISSON, #20200
340 Florida Street
Baton Rouge, Louisiana 70802-1909
(225) 344-3555
Amanda@MGMattorneys.com
Chris@MGMattorneys.com

*Attorneys for the Plaintiff, James Evans*